**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**HALO OPTICAL PRODUCTS, INC. and HALO
SPORTS AND SAFETY, INC.,**

                              **Plaintiffs/Counter Defendants,**

    vs.                                          **6:14-cv-282
                                                       (MAD/TWD)**

**LIBERTY SPORTS, INC.,** _formerly known as_
**LIBERTY OPTICAL MANUFACTURING
COMPANY, INC.,**

                              **Defendant/Counter Claimant.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**MCNAMEE, LOCHNER, TITUS &**          **G. KIMBALL WILLIAMS, ESQ.**
**WILLIAMS, P.C.**
677 Broadway
Albany, New York 12207
Attorneys for Plaintiffs/Counter Defendants

**LERNER, DAVID, LITTENBERG,**         **GREGG A. PARADISE, ESQ.**
**KRUMHOLZ & MENTLIK, LLP**           **RAYMOND B. CHURCHILL, JR., ESQ.**
600 South Avenue West                          **ROBERT B. HANDER, ESQ.**
Westfield, New Jersey 07090
Attorneys for Defendant/Counter Claimant

**O'CONNELL & ARONOWITZ, P.C.**         **JEFFREY J. SHERRIN, ESQ.**
54 State Street
9th Floor
Albany, New York 12207
Attorneys for Defendant/Counter Claimant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiffs Halo Optical Products, Inc. and Halo Sports and Safety, Inc. (collectively,

"Halo") commenced this action on March 13, 2014, alleging trademark infringement and breach

of contract by Defendant Liberty Sports, Inc. ("Liberty").  *See* Dkt. No. 1.  In a Memorandum-Decision and Order dated June 24, 2014 ("June 24 Order"), this Court granted Halo's motion for a preliminary injunction, enjoining Liberty during the pendency of this action from "(1) ordering, purchasing, marketing or selling REC SPECS eyewear, or sports protective eyewear that competes with REC SPECS eyewear, or (2) if Liberty does order, purchase, market or sell REC SPECS eyewear, or sports protective eyewear that competes with REC SPECS eyewear, that it do so in accordance with the parties' agreements, and the custom and practice implementing them as discussed herein[.]"  Dkt. No. 34 at 31 (emphasis omitted).  Currently before the Court is Defendant's motion for modification of the preliminary injunction to require security from Halo.  *See* Dkt. No. 37.

## II. BACKGROUND

The Court assumes the parties' familiarity with the background of this case, as detailed in the June 24 Order, and will discuss only those allegations and facts relevant to disposition of the pending motion.

## III. DISCUSSION

In support of its current motion, Liberty argues that pursuant to Fed. R. Civ. P. 65(c), the Court must require Halo to post a bond in an amount sufficient to cover any losses Liberty will sustain during the pendency of this lawsuit should it later be found that Liberty was wrongfully enjoined.  *See* Dkt. No. 37-1 at 2.  Liberty asserts that since it is not currently paying Halo for the markups that Halo charges upon inspection of the products, and the injunction requires Liberty to pay said markups, Halo should post a bond in the amount of $820,780.00 to cover the markup

cost that Liberty will pay Halo throughout this action. *See id.* at 3-4. Liberty made no such claim during oral argument or in its papers before the Court issued a preliminary injunction, and it was only after the injunction was issued that Liberty indicated that it sought a bond specifically to cover the markups.

Rule 65(c) provides that "the court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The purpose of the bond is to "assure[] the enjoined party that it may readily collect damages from the funds posted in the event that it was wrongfully enjoined, . . . without further litigation and without regard to the possible insolvency of the plaintiff." *Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 557 (2d Cir. 2011) (citation omitted). "Although the rule is couched in mandatory language, the Second Circuit has held that 'the District Court is vested with wide discretion in the matter of security,' and that it may be 'proper for the court to require no bond where there has been no proof of likelihood of harm.'" *Eastman Kodak Co. v. Collins Ink Corp.*, 821 F. Supp. 2d 582, 590 (W.D.N.Y. 2011) (quoting *Doctor's Assocs. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996)) (other citations omitted). "'[B]ecause, under Fed. R. Civ. P. 65(c), the amount of any bond to be given upon the issuance of a preliminary injunction rests within the sound discretion of the trial court, the district court may dispense with the filing of a bond.'" *Stuart*, 85 F.3d at 985 (quotation omitted).

In the present matter, Liberty has not sufficiently shown that it will face a likelihood of harm in the absence of a bond. The harm that Liberty alleges is the required payment of markups to Halo during the pendency of this action. *See* Dkt. No. 37-1 at 2. Although Liberty has recently stopped paying Halo for markups, this Court found in the June 24 Order that Liberty paid Halo

3

markups from 1983 until January 2014. *See* Dkt. No. 34 at 21. Since Liberty paid this markup cost for over thirty years pursuant to the parties' understanding of the agreements, and only recently stopped (which the Court found was likely a breach of the parties' contract in the June 24 Order), continuing to pay the markup cost without security of a bond presents no harm to Liberty. *See Eastman Kodak Co.*, 821 F. Supp. 2d at 590 ("[a]ll that this injunction does is require [the enjoined party] to continue to perform under the contract, as it has been doing for years. That hardly constitutes a cognizable 'harm' to [the enjoined party]") (citation omitted); *see also Rex Medical L.P. v. Angiotech Pharmaceuticals (US), Inc.*, 754 F. Supp. 2d 616, 627 (S.D.N.Y. 2010) ("the 'damage' to [defendant] is nonexistent, because being forced to comply with contractual obligations that a party voluntarily entered into is simply not the sort of 'damage' that is compensable at law"). Moreover, this Court found in the June 24 Order that Halo is likely to succeed on the merits on its breach of contract and trademark infringement claims, and if Halo does succeed, Liberty will be required to pay the markup price. *See* Dkt. No. 34 at 15-27. Since Liberty does not face a likelihood of harm in the absence of a bond, Halo is not required to post one.

Accordingly, Liberty's motion for modification of the preliminary injunction to require security from Halo is denied.

## IV. CONCLUSION

After carefully reviewing the entire record in this manner, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that this Court's Memorandum-Decision and Order dated June 24, 2014 (Dkt. No. 34) is hereby amended to indicate that Plaintiffs are not required to post a bond;[1] and the Court further

**ORDERS** that Defendant's motion for modification of the preliminary injunction to require security from Plaintiffs is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 23, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[1] *See Corning Inc. v. PicVue Electronics, Ltd.*, 365 F.3d 156 (2d Cir. 2004).